SQUIRE DAVIS & wife *vs.* WILLIAM SANFORD.

An administrator cannot be allowed to introduce in evidence, with his suppletory oath, a
book of accounts of his intestate, in which the charges on inspection do not appear to
have been daily minutes, made at or near the time of the transactions to be proved.
Such book is incompetent to prove cash payments of over forty shillings.

CONTRACT against the administrator of the estate of Sylvanus
T. Sanford.

At the trial in the superior court, before *Morton,* J., the de-
fendant offered to introduce, with his suppletory oath, a certain
account book of his intestate, which is sufficiently described in
the opinion. The book was excluded, and a verdict returned for
the plaintiffs. The defendant alleged exceptions.

*T. Weston, Jr.,* for the defendant.

*J. C. Blaisdell,* for the plaintiffs.

CHAPMAN, J.  The book of accounts which was rejected, has
been submitted to our inspection. The charges which it con-
tains against the plaintiff Davis are for goods sold, and for cash.
A few of the entries for goods sold contain the dates of the
sales, and appear to be original charges made at or near the
time of the transactions to be proved. But most of the entries
are without any date ; and on some of the pages the handwrit-
ing and ink are so much alike as to indicate that the entries
were all made at one time, though they relate to separate sales
which were probably made on different days. The book does not,
on inspection, sufficiently appear to be the daily minutes of the
party, made at or near the time of the transactions to be proved
so as to be admissible in evidence, within the rule stated in *Cogs
well* v. *Dolliver,* 2 Mass. 221, and *Prince* v. *Smith,* 4 Mass. 455

But the principal charges are for cash, and the items exceed forty shillings in amount. The book is inadmissible in proof of these charges. *Burns* v. *Fay*, 14 Pick. 8. The court are of opinion that the whole book was properly excluded.

*Exceptions overruled.*